JOHN C. REED, APPELLANT, v. ATLANTIC CITY AND SUBURBAN GAS AND FUEL COMPANY, RESPONDENT.

Argued November 22, 1916—Decided March 5, 1917.

The president and general manager of a corporation having control of its books of account and the direction of entries made therein, claiming to have loaned the corporation money, brought suit to recover, and the corporation, under a new management, set up payment. The plaintiff's account in the ledger as kept while plaintiff was in control, showed a credit to plaintiff for the amount of the loan and a debit for a like sum, the entries having been made by plaintiff's agent by his direction. *Held*, that the ledger was admissible evidence of an admission by plaintiff that the loan was satisfied, the entry made by him being against interest.

On appeal from the Supreme Court.

For the appellant, *Wilson & Carr.*

For the respondent, *Thompson & Smathers.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff brought his action to recover from defendant $2,500, which he claims he loaned it, and having offered in evidence two checks representing together that sum, which were deposited in bank to the credit of the company, with proof that the money was used to pay interest on the bonds of the company, rested his case.   The defence was payment, and the principal evidence to support this was the ledger of the company containing the account of the plaintiff, which showed that he was credited with the loan and debited with an equal amount under the item "Bills payable," so that the account appeared to be balanced.   There was evidence from which a jury might infer that plaintiff was the president and general manager of the company having possession and control of its books of account, and that the entries in question were made by his clerk as his agent and by his direction, the company not having a book-keeper; that the management of the financial affairs of the defendant and its accounts were under the control of the plaintiff, and that he had sufficient familiarity with the entries in the ledger to justify charging him with actual knowledge.   The ledger account also disclosed that other loans had been made by plaintiff which were satisfied by a credit entry of "Bills payable," which loans, it is not denied, have been satisfied.   The jury found for the defendant, and the plaintiff appeals.

The ground in support of the appeal most seriously urged is that the ledger was improperly admitted in evidence.   The offer was not for the purpose of proving a book account, but the admission of the plaintiff that the loan had been satisfied.

We are of opinion that the book containing plaintiff's entry of satisfaction of the debt was competent as an admission against interest.   It was not used to establish a claim,

but as a written admission by plaintiff that his loan had been satisfied, and the entry by his agent under his direction is the same as if he had written it. "A party's own statements may always be used against him as admissions; hence the opponent may always offer the party's books as containing admissions favoring the opponent's claim of facts." 2 *Wigm. Ev.,* § 1557.

Entries in the books of a corporation showing dealings with its manager are competent evidence against him if it appears that he has sufficient connection and familiarity with them to justify actual knowledge of their contents, "on the basis of admissions or assertions of the facts stated therein." *Foster* v. *U. S.,* 101 *C. C. A.* 485, 495.

In *Bird* v. *Magowan,* 43 *Atl. Rep.* 278, the bill was filed against directors who, it was claimed, had unlawfully abstracted large sums of money belonging to the corporation, which was shown by charges against Magowan on the books of the corporation, and Vice Chancellor Reed held that charges against an officer of the company, known to him, and not objected to by him are competent evidence as admissions. In the present case, an inference may be drawn from the testimony that plaintiff caused the debit entry to be made, and, if so, it is evidence of his admission that the loan has been satisfied. He now denies that the debt was paid, or that he had knowledge of the satisfying entry, but the truth of this denial is met by his admission that it was paid, as shown by the entry made by his direction, if the jury drew such an inference from the testimony, and his knowledge that such entry existed may be inferred from his position as manager having charge of the books, and his direction to his clerk to make the entries. There was no error in the admission of the ledger for the purpose of showing plaintiff's admission that the debt had been liquidated. This view makes it unimportant whether all the books of account of the corporation were produced or not. The plaintiff was the manager, having in his possession all the books, and when the control passed from him, he claims to have turned them over to the new management.

There was proof that all the books bearing on the question of accounts which were passed over were a cash-book and ledger, and they were produced, but, under the view we take, it was sufficient to produce only the book which contained the admission of payment. There is a wide difference between establishing a claim by the production of books of account and the proof of an admittted payment of such claim appearing in the ledger kept under the direction of the claimant. Such admission may be proved by any writing made by one seeking to enforce a claim.

The foregoing conclusion disposes of the exception to the refusal to direct a verdict for plaintiff, because it was for the jury to determine the controverted fact of payment. The permissible inference of payment to be drawn from the entries made by the plaintiff in the ledger was met by his denial thereof, as well as knowledge of the entry, and this raised a jury question which the court properly left to it.

It is urged that it was error to refuse a request to charge, "The payment by Reed (the plaintiff) to the company of the sum of $2,500 as a loan, casts upon the defendant the legal duty of repaying the same to Reed."

This was in effect charged, for the court, after stating the plaintiff's testimony in support of his claim that he had loaned $2,500 to the company, said: "If what the plaintiff says be true, he is entitled to have a verdict for $2,500." As to the other requests refused, to which exceptions were taken, it is sufficient to say that they are not argued in the brief.

We have examined the ground of appeal relating to the admission of testimony to which plaintiff objected, and find no error which warrants a reversal of this judgment, and it will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—THE CHANCELLOR, 1.